# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Damian Glenn Blocker, # 11-00626, | C/A No.: 1:11-1203-JMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Warden Larry W. Powers; Cpl. Church; Captain Speller; Officer Bobby Snipes; Officer Campbell; Judge J. Derham Cole; Public Defender James Cheeks: Officer Miss Caesar, | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at Spartanburg County Detention Center ("SCDC"). He brings this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

In his complaint, Plaintiff alleges the correctional officers at SCDC have called him "racial names," and he maintains he has been denied his right to go to court, to get his high school equivalency diploma ("GED"), and to have "legal books to fight [his]

case." *Id*. He also alleges that he was "lied on by officers," but does not elaborate further. *Id*. at 3.

Plaintiff also asserts that his legal mail is read without his consent, and that he has not been allowed to "contact [his] people." *Id*. Plaintiff alleges he was placed in a pod when he was first detained because of his prior history, while held at the same facility in 2007. *Id*. Plaintiff states that he cannot spell or write, does not perform well in reading comprehension tests and is not "suppose[d] to be lock[ed] up because of [his] mental illness." *Id*. at 5 After Plaintiff filed his Complaint, he submitted copies of eleven grievances and other documents, some of which appear to show his efforts of resolving his concerns informally. Others raise issues not stated in his § 1983 complaint, and which will not be addressed herein. Plaintiff seeks damages, a house, a car, twenty acres of land, and asks to be released. [Entry #1 at 5].

II.     Discussion

    A.     Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Plaintiff's claims subject to summary dismissal

Although Plaintiff claims that unspecified correctional officers call him racial names, he provides no specific examples. Regardless, while deplorable, racial epithets do not state a cognizable claim under § 1983. *See Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999). It is well-settled that "the use of vile and abusive language is never a basis for a civil rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985)

(there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims).

Additionally, Plaintiff's allegation that he is denied access to law books is not actionable. The Fourth Circuit has held that local jails, designed for temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). In this case, Plaintiff states that he wants to research the law as it pertains to his pending state criminal charges, but he has been provided court-appointed counsel. *See United States v. Chatman*, 584 F.2d. 1358, 1360 (4th Cir. 1978) (obligation of prison authorities to provide adequate law libraries satisfied when defendant is offered assistance of counsel); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions). Here, Plaintiff has not made the requisite showing, because he has been provided appointed counsel and has not set forth how he has been injured in any other litigation efforts. Plaintiff has also failed to set forth any factual allegations, such as a date or a case, in which he was denied the right to "go[] to court" and, therefore, has not set forth any harm or injury stemming therefrom, without which his claim cannot survive.

Plaintiff also claims that he has been denied the right to obtain his GED and complains that he has been placed in a pod. There is no constitutional right to be provided an opportunity to obtain a GED. *See Wishon v. Gammon*, 978 F.2d 446, 450 (8th

4

Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."); *Joseph v. U.S. Federal Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783, *2 (10th Cir. Oct. 16, 2000). Additionally, prisoners generally do not have a constitutionally-recognized liberty interest in a particular security classification or prison placement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (no constitutional right under the Due Process Clause to a particular security classification or prison placement). Therefore, these claims are also subject to summary dismissal.

    2.    Defendants subject to summary dismissal

Plaintiff cannot proceed against his court-appointed attorney pursuant to § 1983, because the attorney has not acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Hall v. Quillen*, 631 F.2d 1154, 1155–1156 & nn. 2-3 (4th Cir. 1980). Therefore it is recommended that Public Defender James Cheeks be summarily dismissed.

It appears that Judge J. Derham Cole is or was the presiding judge over Plaintiff's state criminal case. Defendant Cole is also subject to summary dismissal because he has judicial immunity from suit. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold

question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss Defendants Cole and Cheeks in the above-captioned case without prejudice and without issuance and service of process.  In an order entered contemporaneously with this Report and Recommendation, service of process on the remaining defendants will be authorized based on his allegations regarding interference with his mail. It is recommended the allegations regarding racial epithets, denial of access to law books or the right to go to court, denial of the right to obtain a GED, and complaints as to pod placement be dismissed.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

September 7, 2011                                         Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6