IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Michael Damian Glenn Blocker, | ) |
| | ) C.A. No.1:11-cv-01203-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Warden Larry W. Powers; Cpl. Church; Captain Speller; Officer Bobby Snipes; Officer Campbell; and Officer Miss Caesar, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Doc. 51]. Plaintiff filed the Complaint attempting to allege a claim under 42 U.S.C. § 1983. The Magistrate Judge's Report and Recommendation, filed on January 11, 2012, recommends that the court dismiss the Complaint in this case with prejudice. [Doc. 1]. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or

1

recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation [Doc. 51 at 3]. However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 51]. It is therefore **ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED** with prejudice.

The court further notes that on November 4, 2011, Plaintiff filed a document entitled "Motions Amendments of Pleading" [Doc. 41], in which Plaintiff essentially requests a reconsideration of the dismissal of certain allegations in the complaint and his claims against certain Defendants, for the appointment of legal counsel, and a non-jury trial. By order dated November 22, 2011 [Doc. 44], the Magistrate Judge denied Plaintiff's request for the appointment of counsel.

In light of the ruling herein and Plaintiff's failure to keep the court informed of his address, the court denies Plaintiff's other requests as moot.

**IT IS SO ORDERED.**

                                            United States District Judge

Greenville, South Carolina
April 9, 2012